## BLAIR, Adm'r, etc., vs. DOCKERY.

*Vendor's lien — Evidence — Equitable actions subject to nonsuit, notwithstanding there may be some evidence to go to the jury.*

1. In an equity cause tried by a jury, the court may nonsuit if it deems the evidence too slight to warrant a verdict for the plaintiff.
2. The evidence in this case to establish a vendor's lien for purchase-money, the receipt of which was acknowledged in the deed, *held* insufficient to warrant a judgment for plaintiff.

APPEAL from the Circuit Court for *Ozaukee* County.

Action by an administrator (commenced in 1867) to enforce a vendor's lien upon real estate conveyed by his intestate to the defendant in 1850. The plaintiff proved the conveyance by a warranty deed, which acknowledged the receipt, by the grantors, of the consideration, viz., $874. To show that the consideration had, in fact, never been paid, the plaintiff then called Patrick Dockery, who testified that he drew the body of the deed ; that at the time the deed was drawn, there were present only the parties thereto and himself ; that at that time witness had some money — something less than $200 ; that this was passed around between them until $874 were passed over ; and that witness had the money in the end. Defendant had no money of his own, but witness' money was passed to make up the $874 mentioned in the deed. Witness was to have it back in the end, and there was nothing said as to the loan of the money.

After some further immaterial testimony, the plaintiff rested ; whereupon, on defendant's motion, the court withdrew the case from the jury, and directed a nonsuit. Plaintiff's motion to set aside the nonsuit, and for a new trial, was denied ; and he appealed.

*H. M. Blair*, for appellant.

*William F. Vilas*, for respondent.

Blair, Adm'r, etc., vs. Dockery.

COLE, J. It appears to us that the evidence was clearly insufficient to show that the consideration money mentioned in the deed had not been paid. The transaction detailed by Patrick Dockery, about passing around money at the time the deed was drawn, is incomprehensible. It would be unsafe and dangerous to decree a vendor's lien, after such a lapse of time, upon such slight testimony as we find in this bill of exceptions.

But it is said that this was a matter for the jury to determine, whether the consideration had been paid or not, and that if there was any evidence which, by the most favorable construction, would sustain a verdict for the plaintiff, the cause should have gone to the jury. But the cause was one in equity, and a verdict of the jury even, in favor of the plaintiff, would not have been binding upon the judgment and conscience of the court. On the contrary, it would have been the duty of the court to give a judgment against the finding of the jury, if it thought the verdict unsupported by the evidence. And it seems to us the testimony in this case is entirely too weak, dubious and incomplete to sustain a judgment establishing a vendor's lien upon the land, or even adjudging any indebtedness on the part of the defendant.

*By the Court.* — The judgment of the circuit court is affirmed.